<div style="float:left">MARKHAM'S EXR.<br>vs<br>JONES.</div>

---

<div style="float:left">CHANCERY.<br><br>Case 118.<br><br><br>July 17.<br><br>'Case stated.</div>

## Markham's Executor *vs.* Jones.

APPEAL FROM THE BATH CIRCUIT.

*Partnership. Dormant partners.*

JUDGE BRECK delivered the opinion of the Court.

A careful examination of all the facts and testimony in this case, has brought us to the conclusion:

1st. That at the date of the note in contest for $567 50, the testator, Markham, was not, in point of fact, the partner of Allen A. Miller in the manufacture of hemp.

2d. That Jones did not sell his hemp and receive said note upon the supposition that Markham was the partner of Miller, or under the belief or impression that such was the fact. On the contrary, that he sold the hemp to Miller, took his note for it, and looked to him alone for payment.

Upon the question of fact as to the alledged partnership, Miller, we think, was a competent witness. From his testimony it satisfactorily appears that there was no partnership at the date of the note, and when he purchased the hemp. That it was after that time he told Markham that he might consider himself a partner. No partnership, of course, could exist without the knowledge and consent of Miller. Whether what subsequently passed between Miller and Markham, was sufficient to constitute a partnership between them, it is not necessary to inquire. It clearly appears that Miller bought the hemp

and executed his note for it in the presence of Markham and Jones, a circumstance in view of all the other facts in the record, strongly corroborating the testimony of Miller, that no partnership, at that time, existed. There is, besides, the statement of Jones that Markham always told him he was not a partner, or denied that there was any partnership, and he believed him an *honest truthful man.*

Upon the second proposition, that Jones did not sell his hemp and take the note of Miller alone, upon the faith of an existing partnership between him and Markham, the testimony is still more satisfactory and conclusive. He does not even alledge in his bill that he made the trade with Miller upon the faith that Markham was a partner, or that he considered him, at the time, responsible or looked to him for payment. For near nine years afterwards, during the life of Markham, he always spoke of it as the debt of Miller, and there is nothing in the record going to show that he ever contended, during that time, that it was the debt of Markham, or that it had been contracted upon his credit or supposed liability.

Assuming then that in point of fact, Markham was not a partner of Miller as alledged, and that credit was not given by Jones to Miller under the belief that such was the fact, we are of opinion that Markham would not be responsible, although he might have represented himself as a partner, both before and after the transaction between Jones and Miller.

The doctrine is well settled, that if a person represents himself as a partner, and credit is given upon the faith of the representation, that such person would be responsible as a partner, whether actually so or not. And in this case from the representations of Markham, the presumption might well be indulged, that Jones was aware of them, and consequently relied upon his credit in the transaction with Miller, but for the satisfactory evidence to the contrary.

The personal representations by Markham to Robertson and Dooley, &c., early in 1836, that he was a partner, was not, in our opinion, such a public holding forth to the world of the fact, whether so or not, as to render

not in fact a part-
ner,) responsi-
ble to another,
who has no
knowledge of,
and did not rely
upon such rep-
resentations. —
*Smith's Mercan-
tile Law, p. 23,
note P.*

him responsible to Jones, to whom he made no represen‧
tations of the kind, who was not aware that any such had
been made, and who in the transaction with Miller, did
not rely upon the existence of such a partnership: *Smith's
Mercantile Law, side page 23, note p.*

It results that the decree is erroneous and must be re-
versed, and the cause remanded with directions to dis‧
miss the complainant's bill and dissolve his injunction
with costs and damages.

B. & A. *Monroe and Robinson & Johnson and Smith*
for appellant; *Apperson and Cavan* for appellee.

